[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PENDING MOTIONS
At a case management conference conducted on January 30, 2002, this court set forth, after consultation with and agreement by counsel, a plan for the orderly and prompt resolution of this case. The parties have now filed a variety of motions, however, they unaccountably failed properly to file requests for adjudication until May 29, 2002. Because of the interrelation of some of these motions, it is useful to resolve them all in a joint order.
I. RULING ON DEFENDANT CORONIS' MOTION FOR DEFAULT FOR FAILURE TO REVISE COMPLAINT
On December 20, 2001, defendant Joan Coronis filed a request to revise the plaintiff's complaint. The plaintiff filed no timely objection to the request to revise. At the case management conference conducted soon after the transfer of this case to the complex litigation docket, the plaintiff stated that he would revise his complaint in accordance with the request to revise. That agreement is memorialized at paragraph 2, of Case Management Order #1. This court ordered the plaintiff to revise his complaint by February 14, 2002. The plaintiff filed another complaint, but the movant correctly states that the new complaint, titled Third Amended Complaint, fails to comply with the revisions sought. The court finds that the plaintiff has failed to comply with the request to revise in the following respects only:
1. The Third Amended Complaint contains, in Count One, multiple and diffuse claims, ranging from ultra vires activity by a voluntary association to slander of title. The plaintiff had requested that each distinct claim be stated in a separate count. The plaintiff has failed to comply. CT Page 7306
 2. The plaintiff has also failed to comply with the request to state the facts relied on for the conclusion that the voluntary association's actions were "improper." The complaint fails to list in a clear manner the declaration that the plaintiff seeks as a judgment.
 3. The complaint fails to identify the trade or commerce in which the defendants are alleged to be engaged.
The court finds that the plaintiff has adequately complied with the other requests to revise. He shall file a compliant complaint by June 17, 2002.
II DEFENDANT'S REQUEST FOR LEAVE TO FILE AMENDED COUNTERCLAIMS
This motion is moot. Since the plaintiff must file a new complaint, the defendants are free to file their counterclaims to the new complaint and need not seek leave to amend.
III. DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT
Because this court has ruled that the plaintiff has failed to comply with the request to revise, there is no operative complaint at the moment. The rules of pleading have been amended to provide that a motion for summary judgment need not await closure of pleadings (see P.B. §17-44); however, a party can hardly frame a motion for summary judgment when there is no complaint at all. The case is scheduled for trial in October 2002. If a motion for summary judgment is to be filed, briefed, argued and decided before the trial date, the deadlines must necessarily be stringent, a circumstance caused by the parties' long delay in pursuing their motions addressed to the pleadings.
The court notes that motions for summary judgment are not required and the opportunity to file such motions may be denied when a trial date has been set. See Practice Book § 17-44.
In this case, the court ordered in Case Management Order #1 at paragraph 6 that any motion for summary judgment must be filed by May 1, 2002. The court has ordered that a revised complaint shall be filed by June 17, 2002.
The court extends its prior order to provide that any motion for summary judgment may be filed no later than July 5, 2002. In order to CT Page 7307 meet this deadline, if the defendants seek summary judgment on any special defense or counterclaim, they will have to filed their special defense(s) and counterclaims before that date. If they seek to complete particular aspects of discovery before moving for summary judgment, they will have to complete that discovery immediately.
The court will not delay the trial in order to accommodate the parties untimely pursuit of pleadings and discovery.
The brief in opposition to any motion for summary judgment shall be filed within two weeks of the motion and the reply within two weeks of the opposition.
IV. PLAINTIFF'S PENDING MOTION FOR SUMMARY JUDGMENT
The plaintiff filed a motion for partial summary judgment on April 29, 2002. Because the plaintiff has failed to file a revised complaint that fairly met the defendant's request to revise, however, this motion is a nullity and cannot be adjudicated. A party may not seek summary judgment when there is no operative complaint upon which judgment can enter.
So ordered.
Beverly J. Hodgson Date Judge of the Superior Court